UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ALEXIS NOBOA,

                                          Plaintiff,

-against-

QUALITY HOMES USA, INC. and ABID HUSSAIN,

                                          Defendants.
----------------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
21-CV-07134 (JMA) (LGD)

FILED
CLERK
12:06 pm, Jan 04, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Alexis Noboa ("Plaintiff" or "Noboa") for a default judgment against Defendants Quality Homes USA, Inc. ("Quality Homes") and Abid Hussain ("Hussain" and collectively, "Defendants"). Plaintiff alleges that Defendants failed to pay him overtime or minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED against both Defendants.

## I. DISCUSSION

### A. Defendants Defaulted

The record reflects that both Defendants were properly served in this action but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds both Defendants in default.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether

the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, those requirements are met.

1. **Liability under the FLSA**

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA provisions. See 29 U.S.C. §§ 206(a), 207(a)(1); see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the Complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA. See 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); Guerrero, 2021 WL 4155124, at *2.

C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff now requests an award of monetary damages in the amount of $7,219.16 against Defendants, jointly and severally, for violations of the FLSA. (ECF No. 18-2 ("Gangat Aff.").) In support of this request, Plaintiff has submitted a sworn statement with his estimates of the days

of the week and hours that he worked. (ECF No. 18-2 ("Noboa Aff.").) The Court finds that this proof is sufficient to establish damages to a reasonable certainty. The Court finds that the submissions in Plaintiff's motion for default judgment establish the following damages to a reasonable certainty: (1) 3,609.58 in unpaid minimum and overtime wages; and (2) $3,609.58 in liquidated damages under the FLSA.

**D. Attorneys' Fees and Costs**

Plaintiff next requests an award of $7,245.00[1] in attorneys' fees and $708.90 in litigation costs incurred in litigating this action. Plaintiff is entitled to reasonable attorneys' fees and costs under the FLSA. 29 U.S.C. § 216(b); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) (summary order). In determining a reasonable attorneys' fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

"In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates…. Some judges have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." Payamps v. M & M Convenience Deli & Grocery

---

[1] While Plaintiff's counsel's affidavit requests only $6,720.00 in attorneys' fees, Plaintiff's memorandum of law in support of the instant motion (ECF No. 18-1) requests $7,245.00 in attorneys' fees. As his counsel's contemporaneous billing records (ECF No. 18-11) support the increased amount, the Court attributes the lesser requested amount to a typographical error.

3

Corp., No. 16-CV-4895, 2019 WL 8381264, at *15 (E.D.N.Y. Dec. 9, 2019) (internal citations and quotation marks omitted).

In support of the application for attorneys' fees, Plaintiff includes both a declaration from his attorney, Mohammed Gangat, Esq., as well as Mr. Gangat's contemporaneous billing records in this matter. (See ECF No. 18-11.) Plaintiff requests $350 per hour for 20.7 hours of work done by Mr. Gangat. Mr. Gangat graduated from law school in 2009 and states that he has "been practicing law in New York City since 2012," which has garnered him "extensive experience litigating unpaid wage actions on behalf of employees in New York state and federal court." (Gangat Aff. ¶ 14.) The Court thus finds that the rate of $350 per hour for Mr. Gangat is appropriate. Accordingly, Plaintiff is awarded $350 per hour for 20.7 hours of work done by Mr. Gangat, for a total attorneys' fee award of $7,245.00.

Plaintiff requests litigation costs in the amount of $708.90. Having reviewed the declaration from Mr. Gangat and attached billing records, the Court determines these to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted. Defendants Quality Homes USA, Inc. and Abid Hussain are jointly and severally liable to Plaintiff for: (1) $3,609.58 in unpaid minimum and overtime wages under the FLSA; (2) $3,609.58 liquidated damages under the FLSA; (3) $7,245.00 in attorneys' fees; and (4) $708.90 in reimbursed litigation costs. The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: January 4, 2023
Central Islip, New York

                                                   /s/    (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE